**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000726**
**19-OCT-2012**
**08:53 AM**

NO. CAAP-11-0000726

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HOMECOMINGS FINANCIAL, LLC, f/k/a
Homecomings Financial Network, Plaintiff,
v. LINDA JEANNE SHUMARD; RICHARD DALE SHUMARD,
Defendants-Appellants and INVESTORS FUNDING CORPORATION;
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
and DOE ENTITIES 1-10, Defendants-Appellees

and

INVESTORS FUNDING CORPORATION, Defendant and
Third-Party Plaintiff-Appellee, v. COUNTY OF KAUAI,
STATE OF HAWAII; GEORGE FRITZ, ED. D; VALERIE HOLLAND,
Third-Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 10-1-0050)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellants Linda Jeanne Shumard and Richard Dale Shumard (**Shumards**) appeal *pro se* from the September 23, 2011 Judgment, entered by the Circuit Court of the Fifth Circuit (**Circuit Court**),[1] in favor of Defendant & Third-Party Plaintiff-

---

[1] The Honorable Kathleen N.A. Watanabe presided.

Appellee Investors Funding Corp. (**IFC**) and against the Shumards and all other parties to this foreclosure action, pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 54(b).

On appeal, the Shumards raise two points of error, contending that the Circuit Court erred in granting summary judgment in favor of IFC because: (1) IFC "failed to allege and prove the giving of the cancellation notice and recordation of an affidavit to that effect," and (2) "predatory lending is a defense to foreclosure and discovery was needed because the facts were in the knowledge of [IFC]."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Shumards' points of error as follows:

(1) The Shumards' first contention is without merit. First, this issue was not raised in the court below. Generally, issues not raised at the trial level will not be considered on appeal. See, e.g., Cox v. Cox, 125 Hawai'i 19, 26, 250 P.3d 775, 782 (2011). Therefore, this argument is waived. In addition, the case relied on by the Shumards is inapplicable as it does not appear from the record that either the subject note or mortgage required any sort of cancellation notice or recordation of affidavit.

(2) The Shumards' second contention is without merit. No such defenses were raised in the court below. Nor does it appear from the record that the Shumards attempted to conduct discovery. This argument is waived.

For these reasons, the Circuit Court's September 23, 2011 Judgment is affirmed.

DATED: Honolulu, Hawai'i, October 19, 2012.

On the briefs:

Linda Jeanne Shumard
Richard Dale Shumard
Defendants-Appellants Pro Se

Carol A. Eblen
Regan M. Iwao
(Goodsill Anderson Quinn &
  Stifel)
for Defendant and Third-Party
Plaintiff-Appellee INVESTORS
FUNDING CORPORATION

Presiding Judge

Associate Judge

Associate Judge

3